No. 38,107

THE STATE OF KANSAS, *Appellant,* v. THE FARMERS UNION COOPERATIVE ASSOCIATION, a Kansas Corporation, *Appellee.*

(223 P. 2d 747)

Opinion filed November 10, 1950.

*John Berglund, Jr.,* of Clay Center, argued the cause, and was on the briefs for the appellant.

*Wayne W. Ryan,* of Clay Center, argued the cause, and *C. Vincent Jones,* of Clay Center, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a prosecution for the alleged violation of rules of the state board of health with reference to slaughterhouses. The trial court sustained the defendant's motion to quash what is re-

ferred to in the argument as the complaint. The state has appealed.

The rules of the state board of health were made pursuant to G. S. 1947 Supp. 65-6a01 to 65-6a11, inclusive, which give the state board of health authority to make rules and regulations necessary for the proper administration of the act. Another subdivision of that section makes it unlawful to violate any of these rules. Such violation is made a misdemeanor.

The state attempted to charge the defendant in thirteen counts with a violation of thirteen different rules. The defendant moved to quash each of the counts on the ground that none of them stated facts sufficient to constitute a public offense and on the additional ground that each count was duplicitous and lacked the particularity required by the law to enable defendant to know what facts he was required to meet in order intelligently to prepare his defense. This motion was sustained as to each count—hence this appeal.

The first pleading filed by the state was what the county attorney called a complaint. This complaint was filed direct in the district court. Its heading is as follows:

> "IN THE DISTRICT COURT OF CLAY
> COUNTY, KANSAS.
> STATE OF KANSAS
> COUNTY OF CLAY, SS:
> COMPLAINT."

Then follow the thirteen counts, in each one of which an attempt is made to set out certain acts that constituted a violation of the rules in question. At the end this document is signed by the name of some person whom we are able to ascertain by a search of other records to be the county attorney of Clay county and was subscribed and sworn to by him before the clerk of the district court of Clay county.

The county attorney seems to have been confused between G. S. 1935, 63-201 and G. S. 1935, 62-1001 and 62-1003. G. S. 1935, 63-201 provides for instituting prosecutions for misdemeanors before justices of the peace by means of a complaint. G. S. 1935, 62-1001 provides that all criminal prosecutions shall be in the name of the state of Kansas. If it was intended that this prosecution should be in the name of the state of Kansas it does not so appear from any pleading filed in this case. The name of the state of Kansas appears only as the heading for an affidavit. G. S. 1935, 62-1002 provides that the kinds of pleadings in any criminal action in the district court

and the rules by which the sufficiency of the pleadings shall be determined are those therein described. G. S. 1935, 62-1003 provides that the first pleading on the part of the state shall be an indictment or information. G. S. 1935, 62-1004 provides that the information must contain first the title of the action and the name of the court to which the information is presented and the names of the parties; and second, a statement of the facts constituting the offense in plain and concise language. The provisions of none of these sections were complied with in this case. It cannot be ascertained from the pleadings filed here whether the prosecution was brought under the name of the state or not. The document filed is not an information. An information should contain language about as follows:

Comes now John Jones, the county attorney of Clay county, Kansas, and acting before and on behalf of the State of Kansas, gives the court to understand and be informed

and then it should describe the offense. Nothing like that was done in this case. The name of the defendant should also be given in the caption by the proper name or title. See G. S. 1935, 62-1004. There is no title at all to the action. The name of neither the state nor of the defendant appears in the caption. These provisions of the statute are mandatory and are simple and plain in their provisions.

For the reasons given, the judgment of the trial court in sustaining the motion of defendant to quash the so-called complaint in this case was correct. This conclusion makes it unnecessary for us to consider the language of the various counts in which a violation of the different rules of the board of health is described.

The judgment of the trial court is affirmed.